**IT IS ORDERED as set forth below:**



**Date: June 20, 2023**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | CASE NO. **23-50902-PMB** |
| **ERNESTO FIERRO**, | : | |
| | : | CHAPTER 7 |
| Debtor. | : | |
| | : | |
| **GEORGE M. BOTELHO** and **INNA BOTELHO**, | : | |
| Movants, | : | |
| v. | : | CONTESTED MATTER |
| **ERNESTO FIERRO**, | : | |
| Respondent. | : | |

## ORDER DENYING MOTION FOR RELIEF FROM STAY

This matter comes before the Court on the *Motion for Relief from Automatic Stay To Proceed With Discovery, Testimony At Trial, Determination Of Liability, Liquidate Their Claims And To Proceed Against Third Parties And Insurance Policies And Proceeds* filed by Movants named above, George M. Botelho and Inna Botelho (the "Movants"), against the Chapter 7 Debtor

herein, Ernesto Fierro (the "Debtor"), on April 26, 2023 (Docket No. 27)(the "Motion for Relief"). The Debtor filed *Debtor's Response in Opposition To George M. Botelho's And Inna Botelho's Motion For Relief From The Automatic Stay* on May 18, 2023 (Docket No. 31)(the "Debtor's Response").  A virtual hearing was held on May 22, 2023 (the "Hearing"), at which time the Court heard from counsel for the Movants and counsel for the Debtor.  At the conclusion of the Hearing, the Court took the matter under advisement.

The Debtor commenced this case under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") on January 30, 2023.  Neal Gordon was appointed Chapter 7 Trustee and filed a report of no distribution on March 20, 2023.  The deadline to object to discharge or dischargeability was May 8, 2023 (Docket No. 4), and no party objected to discharge or dischargeability.  Docket, *passim*.  Soon thereafter, a *Discharge of Debtor(s) with Order Approving Trustee's Report of No Distribution, Closing Estate and Discharging Trustee* was entered on May 15, 2023 (the "Order of Discharge"), and this bankruptcy case was closed (Docket No. 29).  The Motion for Relief was pending, with the Hearing already noticed, when the case was closed.

In the Motion for Relief, the Movants ask that the automatic stay be lifted "to proceed with discovery, testimony at trial, determination of liability, liquidate their claims and to proceed against third parties and insurance policies and proceeds" in certain litigation pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida bearing case number of 21-CA-008608 (the "Florida Litigation").  Motion for Relief at ¶ 12.[1]  The Florida Litigation focuses on the alleged improper replacement and installation of a slate roof on the Movants' home and involves seven (7) defendants, including the Debtor, who participated in the roofing project.

---

[1] A copy of the Amended Complaint is filed as an attachment at Docket No. 28.

2

The Movants state in the Motion for Relief that they "will not collect any judgment obtained against Debtor and merely seek to liquidate their claim and pursue the Pending Litigation against the other non-debtor parties and any available insurance proceeds." Motion for Relief at ¶ 24. Counsel for the Movants requested that the Motion for Relief remain on the Court's calendar so that the Court could determine if it is moot and/or offer other relief.

## Discussion

As recognized by the parties at the Hearing, the Debtor has already received his discharge under 11 U.S.C. § 727(a) and all his debts, including the claim asserted by the Movants, have been discharged. In addition, the Motion for Relief is now moot, since the automatic stay has terminated. *See* 11 U.S.C. § 362(c)(2)("the stay of any other act under subsection (a) of this section continues until the earliest of – . . . (C) if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied"); *see also In re Raley*, 2021 WL 5095491 (Bankr. S.D. Ala. Nov. 2, 2021). Still, the termination of the automatic stay does not mean that the Movants can freely proceed against the Debtor in the Florida Litigation. The Bankruptcy Code provides for an injunction under 11 U.S.C. § 524(a)(2)(the "Discharge Injunction") as follows:

> (a) A discharge in a case under this title—
> …
>     (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor. . . .

Violation of the Discharge Injunction may be sanctioned as it is tantamount to a court order.

In view of the unique nature of the circumstances before the Court in this case, the Court due to these circumstances will treat the Motion for Relief as a Motion regarding the Discharge Injunction and there is no need to reopen this bankruptcy case. As provided in Section 524(e) of

3

the Bankruptcy Code, a discharge of a debt of the debtor "does not affect the liability of any other entity on…or for such debt."  Further, this provision has been consistently held to mean that a discharge "does not prevent a creditor from maintaining a debtor, nominally, in a state court action for purposes of establishing liability as a prerequisite to proceeding against a debtor's liability insurer." *In re Doar*, 234 B.R. 203 (Bankr. N.D. Ga. 1999), discussing *In re Jet Florida Sys., Inc.*, 883 F.2d 970 (11th Cir. 1989)(per curiam); *see also In re Patterson*, 297 B.R. 110, 113 (Bankr. E.D. Tenn. 2003); *Simpson v. Rodgers (In re Rodgers)*, 266 B.R. 834 (Bankr. W.D. Tenn. 2001).

The discharge applies only to the personal liability of a debtor.  A debtor is not relieved, however, from the responsibility of participating in related state court litigation on the debt to the extent of cooperating in discovery and testifying at trial as a witness.  *Doar, supra*, 234 B.R. at 206.  Such limited participation would not constitute a violation of the Discharge Injunction.

Based on the foregoing,[2] it is hereby

**ORDERED** that the Motion for Relief is **DENIED** as moot, and it is further

**ORDERED** that the Discharge Injunction will neither prevent the Debtor from testifying or producing documents in the Florida Litigation as a witness, nor the Movants from maintaining the Debtor as a nominal defendant and seeking to establish the Debtor's liability for the express and limited purpose of assessing the Debtor's alleged responsibility for their claimed injuries in connection with the allocation of liability to the other non-bankrupt debtor parties in the Florida Litigation, along with the liquidation of their claims and to proceed against third parties and insurance policies and proceeds as appropriate.  The Movants, however, are expressly prohibited

---

[2] In view of the Court's holding that Section 524 does not bar naming the Debtor solely as a nominal party in the Florida Litigation to the limited extent provided herein, it is not necessary to reopen this case as there is no reason to enter an order modifying the Discharge Injunction. *See Patterson, supra*, 297 B.R. at 114-16.  To the extent necessary in an abundance of caution, the case may be considered reopened solely to allow the Court to rule on the Motion for Relief and the Debtor's Response thereto.  *See generally Doar, supra*, 234 B.R. at 207.

from taking any action to enforce such determination of liability in any way against the Debtor personally, as same is subject to the Order of Discharge entered in this bankruptcy case and the Discharge Injunction as provided by law.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, counsel for the Movants, and the Chapter 7 Trustee.

**[END OF DOCUMENT]**